FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAR 14  PM 3: 27

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HOMER ASHLEY PURNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 305-72 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court recommends that the Commissioner's final decision be **AFFIRMED** and that a final judgment be **ENTERED** in favor of the Commissioner.

## I. BACKGROUND

Plaintiff applied for disability benefits on December 6, 2001, alleging an onset date of February 28, 2000. Tr. 45. He has alleged disability due to pain in his ankle and wrist. Tr. 16. The Social Security Administration denied plaintiff's application and his request for

reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff, represented by counsel, testified on his own behalf, the ALJ issued an unfavorable decision dated July 14, 2003. Tr. 15-22.

Applying the five-step sequential process required by Title 20, Code of Federal Regulations, Section 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant's status post avulsion injury with arthritis of the left ankle is a "severe" impairment, based on the requirements in Regulations Section 404.1520(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant has the residual functional capacity for light work that requires no more than occasional push/pull with the left lower extremity, no climbing ladders, ropes, or scaffolds, or more than occasional climbing of stairs/ramps, balancing, kneeling, and crawling. The claimant's past relevant work as cashier II did not require the performance of work-related activities precluded by his residual functional capacity. The claimant's medically determinable status post avulsion injury with arthritis of the left ankle does not prevent the claimant from performing his past relevant work.

Tr. 22. Because the ALJ determined that plaintiff could perform his past relevant work, the sequential evaluation process stopped pursuant to Title 20, Code of Federal Regulations, Section 404.1520(a)(4)(iv).

When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Plaintiff filed this civil action requesting a reversal of that adverse decision. Plaintiff argues that the ALJ did not give appropriate

weight to his physician's findings regarding his wrist injury and that substantial evidence of record did not support the ALJ's finding that the wrist injury was not a severe impairment.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the

claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Opinion of Treating Physician

Plaintiff asserts that the ALJ improperly considered the opinion of Dr. Donald Rosenbaum, a physician who treated plaintiff for a wrist injury suffered while plaintiff was being handcuffed by a police officer. According to plaintiff, the ALJ "dismissed [Dr. Rosenbaum's] opinion, giving it no weight at all." Pl. Br. at 9.

Plaintiff first visited Dr. Rosenbaum for his wrist injury on June 13, 2003. Dr. Rosenbaum noted that x-rays on plaintiff's wrist showed no fracture, and he diagnosed plaintiff with a hand contusion with possible occult scaphoid fracture. Tr. 173. On June 26, 2003, Dr. Rosenbaum ordered a magnetic resonance imaging ("MRI") exam on plaintiff's

4

wrist after plaintiff continued to complain of wrist pain. Tr. 172. Because he was subsequently incarcerated, the MRI exam was not performed.

Plaintiff returned to see Dr. Rosenbaum on September 22, 2003. Dr. Rosenbaum opined then that he was no longer concerned about a scaphoid fracture. Tr. 171. Plaintiff was prescribed physical therapy but refused to go. Tr. 168. An x-ray on September 25, 2003, showed a "faint line vertically through the body of the trapezium" that could "either represent a subtle hairline fracture or a very prominent vascular groove." Tr. 170. Dr. Rosenbaum noted on a November 6, 2003, visit that plaintiff was non-compliant when asked to move his wrist, and he diagnosed plaintiff with wrist pain of unknown etiology. Tr. 168. On December 18, 2003, Dr. Rosenbaum administered a "posterior interosseus nerve injection" on plaintiff's wrist, and again found pain and stiffness of unknown etiology. Id. Dr. Rosenbaum subsequently repeated plaintiff's complaints of pain and stiffness in a handwritten letter dated May 5, 2004, opining that plaintiff's symptoms "would restrict use of his right hand and limit his ability to grip or lift objects." Tr. 202.

In her decision, the ALJ carefully detailed the findings of Dr. Rosenbaum, noting that the doctor "was unable to substantiate [plaintiff's] claim other than the fact that he refused to move his wrist." Tr. 19. In finding plaintiff's wrist injury not to be a "severe" impairment, the ALJ observed that "the claimant's wrist pain should continue to improve with continued medical treatment and compliance with physical therapy, even a home exercise range of motion program recommended by Dr. Rosenbaum. [Plaintiff's] wrist pain is not supported by the medical evidence of record to be a 'severe' impairment that precludes the claimant from working." Id.

5

Under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the ALJ, and treating source opinions on issues reserved to the ALJ are never entitled to controlling weight or special significance. SSR 96-5p; 20 C.F.R. § 404.1527(e). While "the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physicians's diagnosis," a "treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); accord Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). The ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

Plaintiff characterizes Dr. Rosenbaum's May 5, 2004, letter as a "medical opinion" addressing plaintiff's level of disability. The letter notes the stiffness and pain in plaintiff's wrist and the effect of that pain and stiffness on plaintiff's ability to grip or lift objects in December 2003, the last time Dr. Rosenbaum saw plaintiff. The ALJ discounted plaintiff's wrist pain as not being supported by medical evidence of record. Thus, to the extent that Dr. Rosenbaum did render a medical opinion in his May 2004 letter, that opinion, which was based only on plaintiff's pain and stiffness and not on any objective medical finding, was discounted by the ALJ as not being supported by objective medical evidence. The ALJ further observed that if plaintiff would follow Dr. Rosenbaum's recommendations, the condition of his wrist would improve.

The Court does not find that the ALJ "dismissed [Dr. Rosenbaum's] opinion, giving

it no weight at all," as plaintiff urges. Instead, the ALJ carefully considered all of the medical records from Dr. Rosenbaum and properly concluded that, to the extent that plaintiff claims disability based on his wrist pain, that pain was not supported by objective medical evidence.

### B. Substantial Evidence

Plaintiff alternatively argues that the substantial evidence of record does not support the ALJ's finding that plaintiff's wrist injury is not "severe." A severe impairment is one that is more than "a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." 20 C.F.R. § 416.924 (c); accord Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999). The severity test at step two of the sequential process is designed to screen out groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (citing Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985) for proposition that severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working"). The Eleventh Circuit describes step two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*) (citing Brady v. Heckler, 724 F.2d 914 (11th Cir. 1984) (*per curiam*)). "Step two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with [her] ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*). The ALJ in this case found that plaintiff's wrist injury would

be remedied by physical therapy, and that objective medical evidence of record did not support a finding that the impairment was severe.

While plaintiff's September 2003 x-ray showed a possible hairline fracture, Dr. Rosenbaum concluded that no fracture was present and opined that plaintiff's pain and stiffness were due to the fact that the wrist had been immobile for the months plaintiff spent in jail. No objective medical evidence of record supports a finding that plaintiff's wrist injury was severe, and the record indicates that plaintiff did not see Dr. Rosenbaum or any other orthopaedist for his wrist injury after December 2003. Instead, Dr. Rosenbaum attributed plaintiff's pain to "unknown etiology," and no further diagnosis was made of the condition of plaintiff's wrist. For these reasons, the Court finds that the ALJ's conclusion that the condition of plaintiff's wrist causes no more than minimal functional limitations is supported by substantial evidence of record.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this ___ day of March, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8